# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 22-00055-01-CR-W-RK |
| JUAN REMBERTO RIVAS, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On February 15, 2022, counsel for Defendant Juan Remberto Rivas filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 7. On February 16, 2022, the Court granted the motion. Doc. 9. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id.*

Defendant was designated to the Federal Detention Center, SeaTac (hereinafter, "FDC - SeaTac") for psychiatric evaluation. By letter dated March 30, 2022, the Warden of said facility requested an extension to complete the examination. This Court granted the requested extension, ordered the examination be completed within forty-five days, and further ordered the report to be sent to the Court within three weeks of the evaluation being completed. Doc. 14.

On August 3, 2022, the Court received a forensic evaluation from Cynthia A. Low, Ph.D., who concluded Defendant "demonstrated an adequate ability to understand the nature and consequences of the court proceedings against him, and an average ability to properly assist counsel in his defense." Doc. 15 at 15. She opined there is "no evidence to indicate the defendant suffers from a mental disorder that would substantially impair his present ability to understand the

nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense." *Id*. The report summarized Defendant's evaluation at FDC – SeaTac and found Defendant's sole diagnosis is Unspecified Methamphetamine Use Disorder, In a Controlled Environment. *Id*. at 12-13. According to Dr. Low, Defendant's "speech was normal in rate and tone," his "thought processes were well organized, clear, and coherent," and he "denied all current symptoms of psychosis." *Id*. at 12.

On August 8, 2022, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 17. Defendant, his counsel, Angie Williams, and Government counsel, Paul Becker, all appeared in person. *Id*. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Low's forensic evaluation as if Dr. Low had appeared in person and testified under oath. *Id*. No additional evidence was offered by either party. *Id*. Based on the record before the Court, including Dr. Low's report (Doc. 15), it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: August 8, 2022                             */s/ W. Brian Gaddy*
                                                 W. BRIAN GADDY
                                                 UNITED STATES MAGISTRATE JUDGE